UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JUN 15 PM 4:09

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| AVIS RENT A CAR SYSTEM, LLC and ACE AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Civil Action No. 2:15-cv-132-wks |
| SHAUN O'DONNELL, | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiffs Avis Rent A Car System, LLC and ACE American Insurance Company, by and through counsel, Sheehey Furlong & Behm P.C., hereby complain against Defendant Shaun O'Donnell as set forth below.

### PARTIES, JURISDICTION, VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. Plaintiff Avis Rent A Car System, LLC ("Avis") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

3. Plaintiff ACE American Insurance Company ("ACE") is an insurer organized under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania.

4. On information and belief, Defendant Shaun O'Donnell ("O'Donnell"), a natural person, is a citizen of Vermont.

5. Complete diversity of citizenship exists between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000, exclusive of costs and interest, providing this Court with jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this District because O'Donnell resides in this District within the meaning of 28 U.S.C. § 1391(c).

## FACTS

7. The allegations set forth in Paragraphs 1 through 6 are incorporated herein as if set forth in full.

8. Avis is in the business of renting motor vehicles to individuals at retail locations throughout the United States. Among those locations is Logan International Airport ("Logan") in the State of Massachusetts.

9. ACE is an insurer doing business in the United States.

10. On July 2, 2010, O'Donnell rented a motor vehicle from Avis at its Logan retail location.

11. In connection with the rental, O'Donnell purchased from Avis at its Logan retail location optional Additional Liability Insurance ("ALI") in the amount of $2,000,000.

12. In connection with the rental, O'Donnell signed a Rental Agreement, consisting of a Rental Document and a Rental Document Jacket

13. The Rental Document states in part, "By my signature, I acknowledge receipt of all notices which appear on this Rental Document. I agree to the terms and conditions including who may drive the car, which is stated on the rental document jacket provided." A true copy of the Rental Document is attached hereto as Exhibit 1.

2

14. The Rental Document Jacket contains the "Rental Terms and Conditions," which in part describe liability protection included in the rental fee and optional insurance available to the renter for additional fees. A true copy of the Rental Document Jacket is attached hereto as Exhibit 2.

15. Paragraph 1 of the Rental Document Jacket states, "These terms and conditions, the rental document signed by you, and a return record with computed rental charges together constitute the rental agreement between yourself and Avis Rent A Car System, LLC, or the independent Avis System Licensee identified on the rental document ("Avis")." Exhibit 2.

16. Paragraph 2 of the Rental Document Jacket states in part, "You agree to the terms below and on the other panels of this Rental Document Jacket provided any such term is not prohibited by the law of a jurisdiction covering this rental, in which case such law controls." Exhibit 2.

17. Paragraph 19 of the Rental Document Jacket states in part:

> **Liability Protection.** Anyone driving the car who is permitted to drive it by this agreement will be protected against liability for causing bodily injury or death to others or damaging the property of someone other than the authorized driver and/or the renter up to the minimum financial responsibility limits required by the law of the jurisdiction in which the accident occurs. . . . You agree that we can provide coverage under a certificate of self-insurance or an insurance policy, or both, as we choose. In any case, a copy of the policy and/or certificate will be available for your inspection at our main office. You understand that unless required by applicable law, we will not provide (a) coverage for fines, penalties, punitive or exemplary damages; (b) coverage for bodily injury to you, or your death while not a driver, or any member of your family or the driver's family members related by blood, marriage or adoption residing with you or them; or the drivers family, or to a fellow employee arising out of or in the course of employment; (c) defense against any claim, unless we are required to provide primary protection, but in such event not after the applicable limits of protection that we furnish are tendered; (d) supplementary no fault, noncompulsory uninsured or under-insured motorist coverage, and any other optional or rejectable coverage, and you and we reject all such coverages to the extent permitted by law. Where any of these coverages are required or implied by law, the limits shall be the mini-mum required under applicable statute. Where permitted by law, you are

> rejecting uninsured or underinsured motorist and all optional automobile insurance coverages and under any policy of insurance or certificate of self-insurance in connection with this agreement, for you and all other passengers in the car.  You understand that uninsured and underinsured motorist coverage protects you and other passengers in a car for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance or has insufficient insurance to pay for losses and damages.

Exhibit 2 (emphasis in original).

18. Paragraph 20 of the Rental Document Jacket states:

> **Additional Liability Insurance (ALI) & Exclusions.**  You'll pay for additional liability insurance coverage if available and you accept it.  In that case, the coverage provided by us according to paragraph 19 above will be primary and the combined limits of liability protection shall be $1,000,000 or $2,000,000, depending on the place of rental for bodily injury, death, or property damage for each accident, but not for more than the contracted $1,000,000 or $2,000,000 limit for each accident, instead of the basic limits stated in paragraph 19 above.  This additional coverage will be provided to an authorized driver, as defined in paragraph 18, under a separate policy of excess liability insurance more fully described in the available brochure and is subject to all of the conditions and limitations described in paragraph 19 above, except that notwithstanding anything contained in this agreement, the terms of the policy will at all times control.  **ALI does not apply to liability for bodily injury or property damage arising out of any "prohibited use of the car" as described in paragraph 17 of this rental agreement, all of which are exclusions to ALI.  Other exclusions to ALI are listed in the ALI policy.**  You understand that you will be charged the rate per day for a full day even if you don't have the car for the entire day.

Exhibit 2 (emphasis in the original).

19. The Brochure referenced in Paragraph 20 of the Rental Document Jacket describes the insurance options, including ALI, that were available to O'Donnell in connection with the rental. A true copy of the Brochure is attached hereto as Exhibit 3.

20. The Brochure states in part:

> ALI is a special optional service offered by Avis when you rent an Avis car. It's an "Excess Automobile Liability Insurance Policy" . . . . ALI is a separate insurance policy issued to Avis by ACE American Insurance Company. It is made available to you . . . for an additional daily charge as shown on the Avis Rental Agreement.
>
> . . .

> All exclusions, terms and conditions are stated in the policy; it is important that you read the policy carefully. The following highlights some of the exclusions that would preclude coverage.
>
> . . .
>
> - To the extent permitted by law, bodily injury or property damage to any Insured or authorized drivers or any person who is related to any Insured by blood, marriage or adoption and residing in the same household.

Exhibit 3.

21. In force on the July 2, 2010, rental date was ACE Excess Rental Liability Policy No. CGO G25519656 ("ALI Policy"), which was issued by ACE to Avis for the period July 1, 2010 to January 1, 2011. The ALI Policy provides coverage to Avis customers who elect the optional ALI coverage and pay the required daily fee. A true copy of the ALI Policy is attached hereto as Exhibit 4.

22. The "Exclusions" section of the ALI Policy states in part:

> In addition to those exclusions contained in the **Rental Agreement**, this insurance does not apply to:
>
> . . .
>
> **B. Bodily Injury** to or **Property Damage** to any **Insured**; nor, to the extent permitted by law in the state where the **Rental Agreement** is signed, to **Bodily Injury** or **Property Damage** to any person who is related to any **Insured** by blood, marriage or adoption and residing in the same household.

Exhibit 4 at Bates No. Avis 000020 (emphases in original).

23. On or about June 20, 2013, Assumpta Kanyange, individually and as mother and next friend of her two minor children, filed a Complaint ("Kanyange Complaint") against O'Donnell in Vermont Superior Court, Windsor County, in docket no. 398-6-13 Wrcv. The matter remains pending. A true copy of the Kanyange Complaint is attached as Exhibit 5.

24. The Kanyange Complaint avers that on July 2, 2010 in the State of New Hampshire Kanyange and her two children suffered bodily injury and other damages as a result

of O'Donnell's negligent operation of a rented motor vehicle in which Kanyange and her two children were passengers. *See* Exhibit 5.

25. The rented motor vehicle referenced in the Kanyange Complaint was the motor vehicle rented by O'Donnell from Avis at the Logan retail location on July 2, 2010.

26. On information and belief, as of July 2, 2010, O'Donnell and Kanyange were married to each other and residing in the same household.

27. On information and belief, as of July 2, 2010, the two children of Kanyange referenced in the Kanyange Complaint were related to O'Donnell by blood or adoption and residing in the same household as O'Donnell.

28. On July 2, 2010, O'Donnell was the Insured under the ALI Policy he purchased in connection with the rental from the Avis Logan retail location.

29. Subsequent to July 2, 2010, O'Donnell made claims to Avis for liability protection under the Rental Agreement and insurance coverage under the ALI Policy.

30. In response to the claims made by O'Donnell, Avis tendered the $25,000 limit of liability protection provided under Paragraph 19 of the Rental Agreement Jacket and advised O'Donnell that coverage does not exist under the ALI Policy pursuant to its exclusion of coverage for family members residing in the same household ("Household Member Exclusion").

31. O'Donnell rejected the tender by Avis of the liability protection limit provided under Paragraph 19 of the Rental Agreement Jacket.

32. Avis is providing a defense to O'Donnell in the negligence action filed by Kanyange.

33. On information and belief, Kanyange has incurred medical bills in excess of $75,000 as a result of the July 2, 2010 motor vehicle accident.

## COUNT I – DECLARATORY RELIEF

34. The allegations set forth in Paragraphs 1 through 33 are incorporated herein as if set forth in full.

35. The claim in the Kanyange Complaint, if proven, would result in a judgment against O'Donnell in excess of $75,000.

36. O'Donnell has sought from Avis coverage under the ALI Policy for the damages alleged in the Kanyange Complaint.

37. The coverage sought by O'Donnell under the ALI Policy is excluded pursuant to the Household Member Exclusion of the ALI Policy.

38. An actual controversy now exists between Plaintiffs Avis and ACE and Defendant O'Donnell as to whether the ALI Policy provides coverage to O'Donnell for the damages alleged in the Kanyange Complaint.

39. Avis and ACE are entitled to a declaration of their rights, duties and obligations pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

40. Avis and ACE are entitled to a declaration that the ALI Policy does not provide coverage to O'Donnell for the damages alleged in the Kanyange Complaint.

WHEREFORE, Avis and ACE respectfully request that the Court:

A. Declare that the ALI Policy does not provide coverage to O'Donnell for the damages alleged in the Kanyange Complaint;

B. Award Plaintiffs attorneys' fees and costs to the extent they are recoverable; and

C. Issue such further relief as the Court deems just and proper.

Dated at Burlington, Vermont this 15th day of June, 2015.

_____
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
Attorney for Plaintiff
30 Main Street
P.O. Box 66
Burlington, Vermont 05402-0066
(802) 864-9891
cnolan@sheeheyvt.com